FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

AUG 04 2011

Stephan Harris, Clerk
Cheyenne

# United States District Court
## For The District of Wyoming

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.

EFRAIN MEDINA-TALAMANTES,

    Defendant.

**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER: 10-CR-263-13J

Ericka S. Smith
Defendant's Attorneys

THE Defendant:    pled guilty to Count 1 of the Superseding Indictment.

**ACCORDINGLY**, the court has adjudicated that the Defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B) | Conspiracy to Possess with Intent to Distribute, and to Distribute, Methamphetamine | January 12, 2011 | 1 |

The Defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the Defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's USM No: **11842-091**

August 1, 2011
Date of Imposition of Sentence

Alan B. Johnson
United States District Judge

8/4/11
Date

DEFENDANT:  **EFRAIN MEDINA-TALAMANTES**          Judgment-Page 2 of 6
CASE NUMBER: 10-CR-263-13J

## IMPRISONMENT

The Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of EIGHTY-SEVEN (87) MONTHS as to Count 1 of the Superseding Indictment.

The Court makes the following recommendations to the Bureau of Prisons:

•       Defendant to be placed at a facility located in Colorado to be near his family.

The Defendant is remanded to the custody of the United States Marshal.

**Upon release from imprisonment, the Defendant shall be delivered to a duly authorized immigration official for deportation in accordance with the established procedures provided by the Immigration and Naturalization Service Act, pursuant to 8 U.S.C. § 1101-1524.   The Court recommends the Bureau of Immigration and Customs Enforcement begin removal proceedings during service of his sentence pursuant to the Institutional Hearing Program.**

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at

_____, with a certified copy of this Judgment.


_____
United States Marshal


By:    _____
       Deputy Marshal

DEFENDANT:   **EFRAIN MEDINA-TALAMANTES**          Judgment-Page 3 of 6
CASE NUMBER: 10-CR-263-13J

Upon release from imprisonment, the Defendant shall be on supervised release for a term of FOUR (4) years as to Count 1.

The Defendant shall report to the probation office in the district to which the Defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

## MANDATORY CONDITIONS OF SUPERVISED RELEASE

1.   While on supervised release, the Defendant shall not commit another federal, state or local crime.

2.   The Defendant shall not purchase, possess, or use firearms, ammunition, or explosives in any manner.  Supervised release must be revoked for possession of a firearm.

3.   While on supervised release, the Defendant shall not illegally possess a controlled substance. Revocation of supervised release is mandatory for possession of a controlled substance. The Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the U.S. Probation Officer.

3.   Pursuant to Public Law 108-405, Revised DNA Collection Requirements Under the Justice for All Act of 2004, the Defendant shall submit to DNA collection while incarcerated in the Bureau of Prisons, or at the direction of the U.S. Probation Office.

4.   The Defendant shall make special assessment, fine and restitution payments as ordered by the Court and is required to notify the Court, through the Probation Office, of any material change in the Defendant's economic circumstances that might affect the Defendant's ability to meet these monetary obligations.

6.   The Defendant shall comply with the standard conditions that have been adopted by this Court (set forth on page 4 of this Judgment).  If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the Defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release.

The Defendant shall comply with the following additional conditions:

The Defendant is prohibited from re-entering the United States illegally.

DEFENDANT:   **EFRAIN MEDINA-TALAMANTES**                    Judgment-Page 4 of 6
CASE NUMBER: 10-CR-263-13J

## STANDARD CONDITIONS OF SUPERVISION

1.   the Defendant shall not leave the judicial district without the permission of the Court or Probation Officer;

2.   the Defendant shall report to the Probation Officer as directed by the Court or Probation Officer and shall submit a truthful and complete written report within the first five days of each month;

3.   the Defendant shall answer truthfully all inquiries by the Probation Officer and follow the instructions of the Probation Officer;

4.   the Defendant shall support his or her dependents and meet other family responsibilities;

5.   the Defendant shall work regularly at a lawful occupation unless excused by the Probation Officer for schooling, training or other acceptable reasons;

6.   the Defendant shall notify the Probation Officer at least 10 days prior to any change in residence or employment;

7.   the Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

8.   the Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9.   the Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the Probation Officer;

10.  the Defendant shall permit a Probation Officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the Probation Officer;

11.  the Defendant shall notify the Probation Officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12.  the Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;

13.  as directed by the Probation Officer, the Defendant shall notify third parties of risks that may be occasioned by the Defendant's criminal record or personal history or characteristics, and shall permit the Probation Officer to make such notifications and to confirm the Defendant's compliance with such notification requirement.

DEFENDANT: **EFRAIN MEDINA-TALAMANTES**  Judgment-Page 5 of 6
CASE NUMBER: 10-CR-263-13J

## FINANCIAL PENALTIES

The Defendant shall pay the following total financial penalties in accordance with the schedule of payments set out below.

| Count | Assessment | Restitution | Fine |
|-------|------------|-------------|------|
| 1 | $100.00 | $0.00 | $250.00 |
| **Totals:** | $100.00 *(Remitted upon Deportation)* | $0.00 | $250.00 *(Remitted upon Deportation)* |

## FINE AND/OR RESTITUTION

The fine and/or restitution includes any costs of incarceration and/or supervision. The fine, which is due immediately, is inclusive of all penalties and interest, if applicable.

The Defendant shall pay interest on any fine and/or restitution of more than $2,500, unless the fine and/or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the below payment options are subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

DEFENDANT:  **EFRAIN MEDINA-TALAMANTES**          Judgment-Page 6 of 6
CASE NUMBER: 10-CR-263-13J

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

The total fine and other monetary penalties shall be due as follows:

In full immediately. Any fine balance not paid immediately or through the Inmate Financial Responsibility Program shall be paid beginning sixty (60) days following release from confinement, in monthly installments of not less than Twenty-Five Dollars ($25.00) and all payments shall be completed no later than sixty (60) days prior to the end of the term of supervised release.

Payments for monetary obligations shall be made payable by cashier's check or money order to the Clerk, U.S. District Court, 2120 Capitol Avenue, Room 2131, Cheyenne, WY 82001, and shall reference the Defendant's case number, 10-CR-263-13J.

Upon the Defendant's deportation, any sum left unpaid shall be and is remitted.

All financial penalty payments are to be made to the Clerks Office, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.